**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Danielle S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 20-cv-50338 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Kilolo Kijakazi, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Danielle S. ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Childhood Disability Insurance Benefits and Supplemental Security Income. The parties have filed cross motions for summary judgment. [23, 28]. As detailed below, Plaintiff's motion for summary judgment [23] is denied and the Commissioner's motion for summary judgment [28] is granted.

**BACKGROUND**

A. Procedural History

On March 12, 2018, Danielle S. ("Plaintiff") filed an application for Childhood Disability Insurance Benefits and Supplemental Security Income. R. 13. Both applications alleged a disability beginning on February 11, 2015. *Id.* The Social Security Administration ("Commissioner") denied her application on July 13, 2018, and upon reconsideration on January 22, 2019. *Id.* Plaintiff filed a written request for a hearing on March 19, 2019. *Id.* On November 19, 2019, a hearing was held by Administrative Law Judge ("ALJ") Kevin Plunkett where Plaintiff and her mother, Faith S., appeared. *Id.* Plaintiff was represented by counsel. *Id.* An impartial vocational expert, James J. Radke, also appeared at the hearing. *Id.* At the hearing, Plaintiff amended her alleged onset date to March 12, 2018. *Id.*

On December 26, 2019, the ALJ issued his written opinion denying Plaintiff's claims for Childhood Disability Insurance Benefits and Supplemental Security Income. R. 13–23. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1–6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [7]. Now before the Court are Plaintiff's motion for summary judgment [23] and the

---

[1] Kilolo Kijakazi has been substituted for Andrew Saul. Fed. R. Civ. P. 25(d).

Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [28].

### B. The ALJ's Decision

In his ruling, the ALJ acknowledged the Social Security Administration's regulations governing payments of disabled child's insurance benefits if the claimant is 18 years old or older but has a disability that began before attaining the age of 22. 20 C.F.R. 404.350(a)(5). Prior to applying the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act (20 C.F.R. § 404.1520(a)), the ALJ determined that Plaintiff was born on September 13, 1999 (making her 20 years of age at the time of the ALJ's decision) but had not yet attained the age of 22 as of March 12, 2018, the alleged onset date. R. 15. Then, at step one, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since the alleged onset date of March 12, 2018. R. 16. At step two, the ALJ found that Plaintiff had the following severe impairments: depressive disorder, anxiety disorder, and posttraumatic stress disorder (PTSD). *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: understand, remember, and carry out instructions limited to performing simple, routine and repetitive tasks, but not at a production rate pace (e.g. assembly line work); judgment limited to performing simple work-related decisions; frequently interact with supervisors, and occasionally with coworkers, and the public, with any contact with public to be only brief and superficial in nature; and dealing with changes in work setting limited to making simple work-related decisions. R. 18. At step four, the ALJ found that Plaintiff had no past relevant work. R. 22. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including library clerk, cafeteria attendant, and cleaner. *Id*. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from March 12, 2018, through the date of decision, December 26, 2019. R. 23.

## STANDARD OF REVIEW

The reviewing court examines the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is "more than a mere scintilla." *Wright v. Kijakazi*, No. 20-2715, 2021 WL 3832347, at *5 (7th Cir. 2021). "Whatever the meaning of 'substantial' in other contexts, the Supreme Court has emphasized, 'the threshold for such evidentiary sufficiency is not high.'" *Id*. (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019)). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008),

"An ALJ need not mention every piece of medical evidence in her opinion, but she cannot ignore a line of evidence contrary to her conclusion." *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014) (citing *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012)). Nor can ALJs "succumb to the temptation to play doctor and make their own independent medical findings," *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996), or "rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018). Ultimately, the court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations and quotations omitted).

## DISCUSSION

In her motion, Plaintiff argues the ALJ erred in his evaluation of listings 12.04, 12.06, and 12.15, including that the ALJ's "B criteria" analysis was not supported by substantial evidence. Plaintiff also argues that the ALJ's RFC determination did not account for Plaintiff's limitations regarding concentration, persistence, and pace, and, and that he improperly played doctor and erred in his limitations regarding Plaintiff's ability to interact with others. The Court finds that the ALJ's determinations were supported by substantial evidence. Therefore, the decision is affirmed.

First, Plaintiff argues the ALJ erred at step three of the five-part analysis – the evaluation of the listings. Here, Plaintiff's impairment of depressive disorder, anxiety disorder, and posttraumatic stress disorder (PTSD), require an analysis under listings 12.04, 12.06, and 12.15. If an impairment meets or equals a listing in 20 C.F.R. § 404, Subpart P, Appendix 1, a claimant will be found *per se* disabled. 20 C.F.R. § 416.920(a)(4)(iii). Listings 12.04, 12.06, and 12.15 each have three paragraphs. Each listing requires a satisfaction of paragraph A, which is the specific type of disorder; and then satisfaction of either paragraph B or C, which addresses the impact of the disorder on the claimant. The ALJ only addressed the impact of the disorder in paragraphs B and C, agreeing that, pursuant to paragraphs A, Plaintiff suffered from depressive disorder (12.04(A)), anxiety disorder (12.06(A)), and PTSD (12.15(A)). The paragraph B criteria for all three relevant listings provides that the ALJ must find an "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning: 1. Understand, remember, or apply information; 2. Interact with others; 3. Concentrate, persist, or maintain pace; [and] 4. Adapt or manage oneself." 20 C.F.R. § 404, Subpart P, App. 1, §§ 12.04(B), 12.06(B), 12.15(B). As to the three relevant listings, the ALJ found no extreme limitation, but did find that Plaintiff had a marked limitation in her ability to interact with others. He found a moderate limitation in the other three areas. Because the ALJ found that Plaintiff's mental impairments did not cause at least two marked limitations, or one extreme limitation, the ALJ found that the paragraph B criteria was not satisfied.

In finding that Plaintiff has a moderate limitation in understanding, remembering, or applying information, the ALJ noted that while Plaintiff alleged to have difficulty with memory, understanding, and following directions, a psychological consultative examination by Peter H. Thomas, PsyD, indicated that Plaintiff had a good fund of general knowledge and was able to easily recall and calculate math problems. Dr. Thomas found that Plaintiff's memory was intact, and she possessed good reasoning skills. The ALJ found that no evidence in the record from other medical providers would suggest different psychological findings. As to concentration,

3

persistence, and maintaining pace, the ALJ found Plaintiff had a moderate limitation, acknowledging that Plaintiff had difficulty completing tasks and concentrating, specifically noting that Plaintiff had not yet completed her homeschooling. R. 17. However, Dr. Thomas noted that Plaintiff could perform calculations, recall numbers and had intact attention skills. Regarding the ALJ's finding that Plaintiff had a moderate limitation in adapting or managing oneself, the ALJ noted that Plaintiff avoided stress by eating, did not do well with changes in routine, and was anxious and immature. Because Plaintiff's mental status findings were generally within normal limits, the ALJ found a moderate limitation in this area. Therefore, the B criteria was not met due to the ALJ's finding of moderate limitation in the remaining three areas.

Plaintiff argues otherwise – that the facts cited in the ALJ's decision do not outweigh the other evidence that supports Plaintiff's limitations. Plaintiff cites to her difficulty in completing homeschooling, her reliance on her mother for managing her basic daily activities, her struggles with age-appropriate tasks, and her difficulty forming relationships. Plaintiff argues these facts support a finding that Plaintiff has a marked limitation in understanding, remembering, or applying information, concentrating, persisting, or maintaining pace, and in adapting or managing herself.

Reviewing the ALJ's decision at step three, the Commissioner cites to the proposition that an ALJ's decision must be read as a whole. *See Buckanon on behalf of J.H. v. Astrue*, No. 08-C-221, 2009 WL 10699462, at *3 (E.D. Wisc. Jan. 8, 2009) ("[A]n ALJ's decision is to be read as a whole, and after reading the ALJ's decision in its entirety, the court finds that the ALJ's analysis…provides an adequate explanation of the ALJ's conclusion that the plaintiff's impairments, or combination of impairments, do not meet or medically equal a listing in the Listing of impairments."). Applying this proposition, the Commissioner points out that later in the ALJ's decision, the ALJ noted that in January 2019, Plaintiff reported feeling sad, anxious and stressed while interacting with others. R. 20. However, in April 2019, Plaintiff reported feeling less angry and less depressed through mindfulness therapy and medications. She denied adverse medication side effects and reported some weight loss. In May 2019, Paige Ryan, MSW, LCSW, LPHA noted that Plaintiff's mood was positive, and she exhibited no risk of suicidal ideation. Plaintiff also felt less anxious and less nervous in public and when speaking with others. *Id*. By July 2019, at a medication management visit with Sherry Aleksich, LPHA, APN, Plaintiff reported being more animated and engaged and displayed a brighter affect. While Plaintiff had not completed her high school course work, she was exercising outside the house, had lost 20 pounds over the course of the year, and her mental status evaluation was within normal limits.[2] *Id*. Taking the decision as a whole, the Court agrees with the Commissioner that the ALJ's conclusion that Plaintiff had no more than moderate limitations in understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and in adapting or managing herself, was well-supported by the record. This Court finds that Plaintiff had no more than a moderate limitation in the B criteria area.

---

[2] Significantly, the Commissioner brings to the Court's attention that Plaintiff "points to no evidence demonstrating that it was mental health deficits that prevented her from completing her schooling, rather than life events, circumstances, or choices." [28], p. 7. In addition, the Court notes Plaintiff's brief fails to fully develop the argument that Plaintiff met the listing, specifically as to paragraph B, in sections 12.06 and 12.15, and makes no real argument as to meeting the qualifications of paragraph C of the listing in any of the 3 sections, noting only that Plaintiff "likely meets the paragraph C criteria." [23], p. 7.

Plaintiff also makes a somewhat confusing and repetitive argument that the ALJ's B criteria analysis was not supported by substantial evidence. However, the Court finds substantial evidence fully incorporated into the ALJ's step three analysis, especially taking the ALJ's decision as a whole.

Next, Plaintiff argues the ALJ's RFC determination does not sufficiently account for Plaintiff's limitations regarding concentration, persistence, and pace. As noted above, the ALJ found that Plaintiff had an RFC to perform a full range of work at all exertional levels with the following non-exertional limitations: understand, remember, and carry out instructions limited to performing simple, routine and repetitive tasks, but not at a production rate pace (e.g. assembly line work); judgment limited to performing simple work-related decisions; frequently interact with supervisors, and occasionally with coworkers, and the public, with any contact with public to be only brief and superficial in nature; and dealing with changes in work setting limited to making simple work-related decisions. R. 18. Plaintiff specifically argues that "the ALJ's hypotheticals to the vocational expert, and thus the RFC later derived from those hypotheticals, fails to adequately address the moderate limitations to the ability to concentrate, persist, and maintain a pace." [23], p. 9. Plaintiff cites to *Hoeppner v. Berryhill*, 399 F. Supp. 3d 771 (E.D. Wisc. 2019), for support of her position. *Hoeppner*, relying on *DeCamp v. Berryhill*, 916 F.3d 671 (7th Cir. 2019), held that courts "'have repeatedly rejected the notion that a hypothetical…confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.'" *Id*. at 776, quoting *Decamp*, 916 F.3d at 676.

The Commissioner disagrees, taking the position that Plaintiff's reliance on *DeCamp* is "misplaced and outdated," and arguing that "[w]hen the residual functional capacity is supported by the evidence, as it is here, the Seventh Circuit has made clear that no special words are required and the restrictions included by the ALJ here are adequate." [28], p. 11. As noted by the Commissioner, the ALJ considered Plaintiff's 2019 treatment records as well as Dr. Thomas' evaluation of Plaintiff, finding that Plaintiff's memory was intact, and she possessed good reasoning skills. The ALJ acknowledged Plaintiff's deficiencies – such as her limitations in social interactions – but emphasized that the records supported the conclusion that Plaintiff could communicate with her providers. The ALJ also considered the opinions of state agency experts who opined that Plaintiff was moderately limited in interacting with others but found no specific functional limitations beyond what the ALJ determined. [28], p. 10. The Commissioner further points out that Plaintiff offered no medical opinions that suggested greater restrictions were warranted and offered only "scant" evidence. *Id.* at pp. 10-12. The Commissioner emphasizes that relevant and recent case law stress that it is the plaintiff that bears the burden of establishing her disability by producing medical evidence, arguing that Plaintiff has failed to meet her burden. *See Salvador H. v. Kijakazi*, No. 22 C 7254, 2023 WL 5017944, at *7 (N.D. Ill. Aug. 7, 2023) ("the plaintiff has the burden of establishing disability with medical evidence" and plaintiff must identify portions of the record that support her allegations). The Court agrees with the Commissioner that Plaintiff has failed to adequately provide evidence in the record to support her position that the ALJ's RFC determination fails to account for her limitations.

Here, the Court finds the ALJ's RFC determination was adequately and reasonably supported by the record and consistent with Plaintiff's "moderate" limitations. It was, therefore, supported by substantial evidence.

Finally, Plaintiff makes the argument that the ALJ improperly "played doctor" in assessing Plaintiff's ability to interact with others. In the RFC determination, the ALJ limited Plaintiff's interaction with others to frequently interacting with supervisors, and occasionally with coworkers, and the public, with any contact with public to be only brief and superficial in nature. In his decision, the ALJ found that the state agency consultants assessed Plaintiff with a moderate limitation as to interacting with others. The ALJ determined that the consultants' findings were "persuasive and consistent with the evidence available at their time of review," but noted that they were not in a position to consider the evidence at the hearing, including Plaintiff's testimony, "which [was] supportive of greater limitations." R. 21. Plaintiff argues it is inconsistent for the ALJ to find that the consultants' determinations (that Plaintiff had a moderate limitation in interacting with others) persuasive, then find that the record supported a greater limitation, and then set out an RFC that allows for frequent interaction with supervisors and occasional interaction with coworkers. Plaintiff interprets this as the ALJ "playing doctor" by substituting his judgment without relying on medical evidence or authority. *See Latkowski v. Barnhart*, 93 Fed. Appx. 963, 972 (7th Cir. 2004), citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent findings"). The Court disagrees.

The ALJ did not make any medical findings (independent of the record). The ALJ specifically noted that while the state agency consultants produced consistent opinions, those opinions were based solely on the information available at the time. Following the hearing, the ALJ determined that Plaintiff had marked limitations on interacting with others. However, this determination was not inconsistent with the record as a whole regarding Plaintiff's ability to have frequent interactions with supervisors and occasional interaction with coworkers. As the ALJ noted, Plaintiff was able to interact with Dr. Thomas. Dr. Thomas found Plaintiff to be pleasant with appropriate interpersonal skills and possessed good eye contact. R. 17. The Court finds that the ALJ's RFC is neither an example of "playing doctor," nor inappropriate in consideration of the record as a whole. Plaintiff's generalization that "the medical records, medical opinions, and testimony all point to more severe restrictions in Plaintiff's social interactions and specifically with interactions with co-workers," is a conclusory statement unsupported by facts and evidence from the record itself.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [23] is denied and the Commissioner's motion for summary judgment [28] is granted.

Date: 11/27/2023                                  ENTER:

                                                  *Margaret J. Schneider*
                                                  United States Magistrate Judge